FILED
2007 AUG 28 AM 8:54
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY CP DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

HECTOR ENRIQUE PENALOSA, JR.
Plaintiff,
vs.
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
Defendant.

CASE NO. 07cv0808 JM(AJB)

ORDER GRANTING MOTION TO REMAND TO USCIS

Plaintiff Hector Enrique Penalosa, Jr. brings this action pursuant to 8 U.S.C. §1447(b), seeking, among other things, to have this court adjudicate his application for naturalization. Defendant United States Citizenship and Immigration Service ("USCIS") moves to remand the naturalization application with appropriate instructions to adjudicate Plaintiff's application for naturalization. For the reasons set forth below, the motion to remand is granted with instructions to make a determination on Plaintiff's Form N - 400 as expeditiously as possible upon completion of the background investigation.

## BACKGROUND

On May 3, 2007 Plaintiff commenced this action seeking both declaratory and injunctive relief to compel Defendants to adjudicate his application for naturalization. Plaintiff alleges that defendants have illegally delayed the processing and adjudication

of his application for naturalization.

Plaintiff is a 47 year old citizen of the Philippines and a lawful permanent resident of the United States. (Compl. ¶4). In October 2005 Plaintiff applied for naturalization. He alleges that he satisfies all statutory requirements for naturalization and that the USCIS completed the naturalization examination interview on March 6, 2006. (Compl. ¶8). The USCIS has yet to adjudicate Plaintiff's application for naturalization. (Compl. ¶11). Plaintiff preys that the court adjudicate his naturalization application pursuant to 8 U.S.C. § 1447(b).

## DISCUSSION

### The Motion to Remand

Under 8 U.S.C. §1447(b) this court has jurisdiction to either (1) make its own determination as to whether Plaintiff has satisfied all of the requirements for citizenship or (2) remand the matter to USCIS with instructions to conclude its processing of the Form N - 400. 8 U.S.C. 1447(b); United States v. Hovesepian, 359 F.3d 11444, 1160 (9th Cir. 2004).

A lawful permanent resident alien is eligible for naturalization as a United States citizen if he or she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of the application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). The applicant first files a Form – 400 application for naturalization. 8 U.S.C. § 1445(a); 8 C.F.R. §§ 334.2, 316.4. USCIS then conducts a background investigation of the applicant, including a review of immigration and police records. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. At a minimum, the background investigation includes " a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application." 8 C.F.R. §335.1. Lastly, the applicant is interviewed by an examiner who is authorized to grant or deny the application. 8 U .S.C. § 1446(d); 8 C.F.R. § 335.3.

Applying the above statutory provisions, USCIS must make a determination on a naturalization application pursuant to 8 U.S.C. § 1446 within 120 days after it conducts the applicant interview. 8 U.S.C. § 1447(b). If it fails to do so, the applicant may apply to the federal district court for the district in which the applicant resides for a hearing on the matter. Id. The district court assumes jurisdiction over the matter and may either determine the matter or remand it, with appropriate instructions, to USCIS. Id.

Here, Defendant seeks remand to the agency and Plaintiff seeks a judicial determination of his naturalization application. The court concludes that remand, rather than a judicial determination of the naturalization application, is appropriate for several reasons. First, the executive branch is in a better position than this court to oversee Plaintiff's background investigation, to compile an administrative record, and to consistently apply the immigration laws. See I.N.S. v. Ventura, 537 U.S. 12, 16 (2002) ("Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."); Shalabi v. Gonzales, 2006 WL 3032413 (E.D. Mo. 2006). The USCIS conducts several forms of security and background checks to determine whether the applicant is eligible for naturalization and that the individual does not present a risk to national security or public safety. The background check involves records from more than twenty federal agencies, including the FBI. Given the expertise of USCIS, their decisions are entitled to substantial deference. See I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 445 n.30 (1987). Second, the court is hesitant to compel the FBI, not a party to this action, and other federal agencies to complete background checks required to finalize the naturalization process because to do so could delay the administrative processing of other applicants for naturalization who have waited longer than Plaintiff for completion of the required background investigations. The filing of a complaint for mandamus should not result in one applicant moving up the naturalization queue to the detriment of other applicants for naturalization. Third, the fortuitous circumstances under which

Plaintiff obtained standing to bring this action (i.e. USCIS's failure to comply with its own regulations to complete the background investigation prior to conducting the initial interview, 8 C.F.R. §335.2), cautions against treating Plaintiff differently from those applicants for naturalization who have not received an interview, as required by USCIS regulations, but are awaiting completion of the FBI background investigation. Fourth, Plaintiff has already received some benefit from USCIS's failure to comply with its regulations as, upon completion of the FBI background investigation, he may complete the naturalization process without the additional delay of having to schedule and pass the applicant interview. Finally, Plaintiff is not without a judicial remedy. In the event Plaintiff's application is denied, or USCIS fails to adjudicate the application within 120 days of completion of the background investigation, Plaintiff may return to court to obtain judicial review. See 8 U.S.C. §1421(c).

In sum, the court remands this action to USCIS for adjudication of Plaintiff's application for naturalization. USCIS is instructed to complete the required investigations as expeditiously as possible after completion of the background investigation.

**IT IS SO ORDERED.**

DATED: 8/27, 2007

JEFFREY T. MILLER
United States District Judge

cc: All parties